■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD R. JENKINS, JR., Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 30, 1975, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant was approached by an undercover policeman and an informant on July 30, 1974, and again on August 7, 1974. On both occasions the officer asked defendant to sell him $100 worth of cocaine. On July 30 defendant introduced the agent to a supplier named Negron. Negron handed a packet containing cocaine to defendant, who passed it to the undercover agent. The agent handed $100 to Negron. On August 7, however, defendant told the agent to wait on a park bench while he searched the park for a supplier. The agent handed $100 directly to the defendant. Within an hour, defendant returned and escorted the agent to his apartment, where the cocaine was given to the agent. The key question on the appeal is whether defendant acted, in both transactions, solely as the agent of the undercover policeman, thereby absolving him of any criminal responsibility for selling narcotics (see *People v Hingerton,* 26 NY2d 790). The jury's verdict represented a finding that defendant was acting as the agent of the undercover policeman on July 30,

but was acting as a seller in his own right on August 7. That verdict is amply supported by the evidence. We have considered the other contentions of defendant and find them to be without merit. Damiani, J. P., Titone, Suozzi and Rabin, JJ., concur.